UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

STEVEN NACHSHEN                                                        CV

                                          Plaintiff,

      -against-                                                **COMPLAINT**

53-55 WEST 21ST OWNER LLC AND                              **JURY TRIAL REQUESTED**
NEW LOUNGE 4324, LLC

                                          Defendants.
--------------------------------------------------------------x

## COMPLAINT

Plaintiff Steven Nachshen (hereafter referred to as "plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against defendants 53-55 West 21ST Owner LLC and New Lounge 4324, LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants.  In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.  Plaintiff also alleges claims for Negligence.  As explained more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws.

1

Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for defendants to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, plaintiff Steven Nachshen has been and remains currently a resident of the State and City of New York.

2

6.      At all times relevant to this action, plaintiff Steven Nachshen has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendant 53-55 West 21ST Owner LLC owns the property located at 53-55 West 21st Street in New York County, New York (hereinafter referred to as "53-55 West 21st Street").

8.      Defendant 53-55 West 21ST Owner LLC is licensed to and does business in New York State.  Defendant New Loinge 4324, LLC is licensed to do and does business in New York State.

9.      At all relevant times, defendant New Loinge 4324, LLC operates and/or leases property located at 53-55 West 21st Street from the defendant 53-55 West 21ST Owner LLC (hereinafter referred to as the "Bounce Sporting Club" premises).

10.     Upon information and belief, 53-55 West 21ST Owner LLC and New Loinge 4324, LLC have a written lease agreement.

11.     Upon information and belief, defendants are related companies under common control.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Bounce Sporting Club premises located at 53-55 West 21st Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

3

13.    The Bounce Sporting Club premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

14.    Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

15.    At some time after January 1992, defendants made alterations to 53-55 West 21st Street, including areas adjacent and/or attached to 53-55 West 21st Street.

16.    At some time after January 1992, defendants made alterations to the Bounce Sporting Club premises, and to areas of 53-55 West 21st Street related to the Bounce Sporting Club premises.

17.    At some time after January 1992, defendants altered the primary function areas of the Bounce Sporting Club premises and 53-55 West 21st Street that relate to the Bounce Sporting Club premises.

18.    Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendants have constructed and/or made alterations to the Bounce Sporting Club premises, and to areas of 53-55 West 21st Street related to the Bounce Sporting Club premises.

19.    Within the past three years of filing this action, plaintiff attempted to and desired to access the Bounce Sporting Club premises.

20.    The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix

4

A, and adopted by the United States Department of Justice in 1991 as the Standards for

Accessible Design ("1991 Standards") or the revised final regulations implementing Title

III of the ADA adopted by the United States Department of Justice in 2010 as the 2010

Standards for Accessible Design ("2010 Standards").

21.    The services, features, elements and spaces of defendants' place of public

accommodation are not readily accessible to, or usable by plaintiff as required by the

Administrative Code § 27-292 *et. seq.*

22.    Because of defendants' failure to comply with the above-mentioned laws,

including but not limited to the 1991 Standards or the 2010 Standards and the

Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete

access to defendants' place of public accommodation.

23.    Defendants' place of public accommodation has not been designed,

constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the

Administrative Code, the Building Code of the City of New York ("BCCNY"), or the

2014 New York City Construction Code ("2014 NYC").

24.    Barriers to access that plaintiff encountered and/or which deter plaintiff

from patronizing the defendants' place of public accommodation as well as barriers that

exist include, but are not limited to, the following:

> I.    The public entrance is not accessible. See below.
> *Defendants fail to provide that at least 50% of all its public entrances are*
> *accessible. See 1991 Standards 4.1.3.8(a)(i).*
> *Defendants fail to provide that at least 60% of all its public entrances are*
> *accessible. See 2010 Standards 206.4.1.*
> *Defendants fail to provide that ALL of its public entrances are accessible.*
> *See 2014 NYC 1105.1.*
>
> II.    The public entrance/exit doorway lacks level maneuvering

clearances at the pull side of the doorway due to the sloping sidewalk, *Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

III.     The public entrance/exit doorway has an interior threshold that has a vertical change in level greater than ½ inch high.
*Defendants fail to provide that changes in level greater than 1/2-inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3.*

IV.     There is no accessible seating at the bar. Furthermore, no accessible tables are provided in the surrounding dining area. See below.
*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 Standards 5.2.*
*Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 Standards 226.1, and 2014 NYC 1109.10.*

V.     There are no accessible seating at the dining areas.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 Standard 5.1, 2010 Standards 226.1, and 2014 NYC 1109.10.*

VI.     An accessible route is not provided between the entrance/exit door to/from the booth seating. There is one (1) step between the entrance/exit doorway and the booth seating.
*Defendants fail to provide an accessible route to each portion of the building that connects to accessible building entrances. See 1991 Standards 4.1.2(2), 2010 Standards 206.2.4, and 2014 NYC 1104.3.*

VII.     The men's toilet room is not accessible.
*Defendants fail to provide accessible toilet facilities. See 1991 Standards 4.1.3(11), 2010 Standards 213.1, and 2014 NYC 1109.2.*

VIII.     The doorway at the men's toilet room has an exterior threshold that has a vertical change in level greater than ½ inch high.
*Defendants fail to provide that changes in level greater than ½ inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3.*

IX.     The men's toilet room lacks an accessible water closet. See below.

*Defendants fail to provide at least one accessible water closet within accessible toilet and bathing facilities. See 1991 Standards 4.23.4, 2010 Standards 213.3.2, and 2014 NYC 1109.2.*

X.    The door to/from the end stall at the men's toilet room has knob hardware that requires tight grasping and twisting of the wrist to operate.
*Defendants fail to provide handles, pulls, latches, locks, and other operable parts that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 Standards 4.13.9, 2010 Standards 404.2.7, and 2014 NYC 404.2.6.*

XI.    The water closet in the end stall at the men's toilet room is located outside of 16" to 18" from the side wall.
*Defendants fail to provide an accessible standard water closet positioned with the centerline of the water closet 16 inches minimum to 18 inches maximum from the side wall or partition. See 1991 Standards 4.16.2, 2010 Standards 604.2, and 2014 NYC 604.2.*

XII.    The water closet in the end stall at the men's toilet room lacks the required clearances due to a trash receptacle.
Defendants fail to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 1991 Standards 4.17.3, 2010 Standards 604.3.1, and 2014 NYC 604.3.1.

XIII.    The water closet in the end stall at the men's toilet room lacks compliant grab bars. A vertical side wall grab bar is not provided.
*Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC 604.5.1.*

XIV.    The coat hook in the end stall at the men's toilet room is outside of an accessible reach range.
*Defendants fail to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

XV.    The men's toilet room lacks an accessible urinal. See below.
*Where urinals are provided within accessible toilet and bathing facilities, defendants fail to provide at least one accessible urinal. See 1991 Standards 4.23.5, 2010 Standards 213.3.3, and 2014 NYC 1109.2.*

XVI.    Both urinals in the men's toilet room have a rim that is more than 17 inches above the finish floor.
*Defendants fail to provide accessible urinals with the rim 17 inches maximum above the finish floor. See 1991 Standards 4.18.2, 2010 Standards 606.2, and 2014 NYC 606.2.*

XVII.  The men's toilet room lacks an accessible lavatory. See below.
*Defendants fail to provide at least one accessible lavatory within accessible toilet and bathing facilities. See 1991 Standards 4.23.6, 2010 Standards 213.3.4, and 2014 NYC 1109.2.*

XVIII.  The men's toilet room has a lavatory that lacks a clear floor space for a forward approach due to the side wall and the underside of the sink.
*Defendants fail to provide accessible lavatories and/or sinks with a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance. See 1991 Standards 4.19.3 and 4.24.5, 2010 Standards 606.2, and 2014 NYC 606.2.*

XIX.  The men's toilet room has a lavatory that lacks protected hot water and drain pipes.
*Defendants fail to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 Standards 4.19.4, 2010 Standards 606.5, and 2014 NYC 606.6.*

XX.  The men's toilet room lacks an accessible mirror.
*Defendants fail to provide at least one accessible mirror within accessible toilet and bathing facilities. See 1991 Standards 4.23.6, 2010 Standards 213.3.5, and 2014 NYC 1109.2.*

XXI.  The men's toilet room has a paper towel dispenser that is outside of an accessible reach range.
*Defendants fail to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.*

XXII.  The men's toilet room has a soap dispenser that is outside of an accessible reach range.
*Defendants fail to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

XXIII.  The host counter is more than 36 inches above the finish floor.
*Defendants fail to provide an accessible portion of service counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

XXIV.  The exit door, which is also the public entrance door, is not accessible as described above.

*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.*

25.     Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

26.     As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendants' public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

27.     Defendants have endangered plaintiff's safety and denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

28.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

29.     Defendant 53-55 West 21ST Owner LLC has failed to ensure that its lessee's place of public accommodation and the elements therein are in compliance with the 1991 Standards or the 2010 Standards; the Administrative Code, and the BCCNY and 2014 NYC including but not limited to ensuring the maintenance of accessible features.

30.     Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination.

The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

31.    Plaintiff frequently travels to the area where defendants' place of public accommodation is located.

32.    Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC.

33.    Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC.

34.    Plaintiff intends to patronize the defendants' place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC – all for the benefit of those similarly situated to plaintiff.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

35.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

36.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

37.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

38.    Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

39.    Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled.  Defendants' policies and practices have disparately impacted plaintiff as well.

40.    By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

41.    Defendants have discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

42.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

43.     Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

44.     Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

45.     28 C.F.R. § 36.406(5) requires defendants to make the facilities and elements of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

46.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendants' place of public accommodation fully accessible.

47.     By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

48.     In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

12

49.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

50.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, within the meaning of the ADA, 53-55 West 21ST Owner LLC continuously controlled, managed and operated the public sidewalk abutting 53-55 West 21st Street, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

51.     53-55 West 21ST Owner LLC's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

52.     Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

53.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

54.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

55.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

56.     Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the defendants have aided and abetted others in committing disability discrimination.

57.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

58.     In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

59.     It would be readily achievable to make defendants' place of public accommodation fully accessible.

60.     It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

61.     As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

62.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

14

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

63.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

64.    Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

65.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

66.    Defendants have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8-

107(4). Each of the defendants have aided and abetted others in committing disability discrimination.

67.     Defendants have discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

68.     Defendants have subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

69.     In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

70.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, 53-55 West 21ST Owner LLC continuously controlled, managed and operated the public sidewalk abutting 53-55 West 21st Street, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

71.     53-55 West 21ST Owner LLC's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public

accommodation constitutes disability discrimination in a violation of the Administrative Code.

72.      Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

73.      As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

74.      Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

75.      By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

76.      Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

77.      By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have

lawfully expended to pay for a fully compliant and accessible space. Defendants'
unlawful profits plus interest must be disgorged.

78.    Plaintiff has suffered and will continue to suffer damages in an amount to
be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

79.    Plaintiff realleges and incorporates by reference all allegations set in this
Complaint as if fully set forth herein.

80.    Defendants discriminated against plaintiff pursuant to New York State
Executive Law.

81.    Consequently, plaintiff is entitled to recover the monetary penalty
prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

82.    Notice of this action has been served upon the Attorney General as
required by Civil Rights Law § 40-d.

### FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

83.    Plaintiff realleges and incorporates by reference all allegations set in this
Complaint as if fully set forth herein.

84.    Defendants negligently designed, constructed, operated, repaired and
maintained their place of public accommodation located at 53-55 West 21st Street in a
manner that has rendered their place of public accommodation unsafe to the disabled
plaintiff.

85.    At all relevant times, defendants, who hold their property open to the
public, have had a duty to patrons such as plaintiff to design, construct, operate, repair,

and maintain their place of public accommodation located at 53-55 West 21st Street in a reasonably safe condition, including a duty to comply with the Administrative Code.

86.    Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 53-55 West 21st Street in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff's own safety.

87.    Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 53-55 West 21st Street in a manner that is safe to the disabled plaintiff has proximately caused plaintiff emotional distress.

88.    Defendants have had actual and constructive notice that their place of public accommodation located at 53-55 West 21st Street is not safe to the disabled.

89.    As a direct result of defendants' negligence, plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

90.    Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

91.    Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

92.    Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

93.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

94.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code.  42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B.  Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the

2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

      C.  Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

      D.  Award plaintiff compensatory damages as a result of defendants' violations of New York State Executive Law and the Administrative Code of the City of New York;

      E.  Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

      F.  Award plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

      G.  Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

      H.  Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

      I.  For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: February 28, 2019
      New York, New York

                    Respectfully submitted,

                    **PARKER HANSKI LLC**

                    By:_____/s_____
                      Glen H. Parker, Esq.
                      Adam S. Hanski, Esq.
                      Robert G. Hanski, Esq.

Attorneys for Plaintiff
40 Worth Street, 10th Floor
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com
Email:ghp@parkerhanski.com
Email:rgh@parkerhanski.com