

*Jennifer E. Sherven, Esq.*
JSherven@kdvlaw.com

*Taylor M. Ferris, Esq.*
TFerris@kdvlaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/18/2021
```

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

February 18, 2021

<u>VIA ECF</u>
The Honorable Katharine H. Parker
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Counsel for Plaintiff shall advise the Court within 90 days as to the status of appointment of an executor for the estate. SO ORDERED:**

*[signature]*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
02/18/2021

Re:   <u>Nachshen v. 53-55 West 21st Owner LLC., et al.</u>, **19-cv-01903(RA)(KHP)**

Dear Judge Parker:

This letter is being jointly submitted to respectfully respond to the Court's February 12, 2021 Order directing the Parties to notify the Court whether they would like to proceed with the settlement conference scheduled for February 22, 2021, or whether they would like to adjourn the conference *sine die* until a representative for Plaintiff's estate is appointed. *See* Dkt. No. 54. Given the unfortunate circumstances, the Parties jointly request that the settlement conference be adjourned *sine die*.

Additionally, Defendants, 53-55 West 21st Owner LLC and New Lounge 4323, LLC ("Defendants"), note that in the event Plaintiff's counsel locates a representative for Plaintiff's estate and notifies the Court of their intention to continue litigation of these claims, Defendants will evaluate at that time whether to move for Plaintiff's complaint to be dismissed in its entirety. The basis for Defendants' potential application is set forth herein.  In his Complaint, Plaintiff alleges that the property at issue violates Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III"), the New York State Human Rights Law, Executive Law § 296 et seq. ("NYSHRL"), the New York City Human Rights Law, NYC Administrative Code § 8-107 et seq. ("NYCHRL"), the New York Civil Rights Law ("NYCRL"), and New York common law negligence. On February 1, 2021, Plaintiff's counsel filed a suggestion of death notice requesting a stay of this action and for Plaintiff's counsel to submit a status letter to the Court by April 30, 2021 concerning the appointment of a representative of Plaintiff's estate, which the Court granted. *See* Dkt. Nos. 52 and 53. However, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, Plaintiff's Title III claims must be dismissed as moot, as there can be no adequate representative to replace Plaintiff. Indeed, it is well settled that claims under Title III do not survive a plaintiff's death. To establish standing for injunctive relief under the Title III, plaintiffs must not only allege a past injury, but also the risk of a future injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Where a plaintiff cannot show future injury, there is no standing and thus Title III claims

seeking an injunction must be dismissed. *Id*. Applying the *Lyons* standard, courts have found that Title III claims seeking injunctive relief do not survive plaintiff's death. *See Kahn v. NYU Medical Center*, 2007 WL 2000072 (S.D.N.Y. July 10, 2007) citing *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997). Furthermore, as Plaintiff's claims under Title III are moot, and no federal claims remain, Defendants will also evaluate an application seeking that the Court decline to extend supplemental jurisdiction and dismiss Plaintiff's claims alleging violations of the NYSHRL, the NYCHRL, the NYCRL, and New York common law.

We thank the Court for its time and consideration of this joint request that the settlement conference be adjourned *sine die*.

Respectfully submitted,

_____
Jennifer E. Sherven
Taylor M. Ferris
KAUFMAN DOLOWICH VOLUCK, LLP
*Attorneys for Defendant New Lounge 4324, LLC*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

\_\_\_\_/s/_____
Michael Lowe
LIPSKY BRESKY & LOWE LLP
*Attorneys for Defendant 53-55 West 21st Street Owner LLC*
585 Stewart Avenue, Suite 306
Garden City, New York 11530

\_\_\_\_/s/_____
Glen Parker
PARKER HANSKI LLC
*Attorneys for Plaintiff*
40 Worth Street, 10th Floor
New York, New York 10013

CC:   All Counsel via ECF

4815-4090-6717, v. 1