USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/09/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Steven Nachshen,

            Plaintiff,

v.

53-55 West 21st Owner LLC and New Lounge 4324, LLC,

           Defendants.

No. 19-CV-1903 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On February 28, 2019, Plaintiff Steven Nachshen filed this case against Defendants 53-55 West 21st Owner LLC and New Lounge 4324, LLC alleging that they operated Bounce Sporting Club ("BSC") in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et. seq*. *See* Compl. ¶ 1. He also claimed violations of New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City New York, § 8-107, as well as alleging that Defendants' conduct was negligent (collectively, the "state law claims"). *See id*. Defendants subsequently filed answers denying liability. During 2020, the parties engaged in mediation, discovery, and a settlement conference. Steven Nachshen then passed away in January 2021, and the case was stayed for several months thereafter.

His counsel has since filed a motion to substitute Steven with his wife Louise Nachshen—in her capacity as administrator of his Estate—as the plaintiff, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Dkt. 64. Defendants opposed the motion for substitution and filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure

12(b)(1). Dkt. 69. Plaintiff's counsel does not oppose Defendants' motion to dismiss the ADA claim; he only opposes the dismissal of the state law claims.

For the reasons that follow, the motion to dismiss is granted and the motion to substitute is denied. Plaintiff may refile her state law claims in state court.

## DISCUSSION

The Court will first address whether Plaintiff's federal claim must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and then turn to the questions of substitution and supplemental jurisdiction.

### I. Plaintiff's Federal Claim

Plaintiff "concedes that the claim under the [ADA] has been rendered moot because Steven Nachshen has passed away," and does not oppose Defendants' motion to dismiss that claim. Pls.' Opp. at 1. Nonetheless, even when "presented with an unopposed motion to dismiss, the Court may not find for the moving party without reviewing the record and determining whether there is sufficient support for granting the motion." *See Allen v. New York City Hous. Auth.*, No. 15-CV-00173 (ALC), 2016 WL 722186, at *3 (S.D.N.Y. Feb. 19, 2016).[1] Having done so, the Court agrees that Plaintiff's ADA claim must be dismissed.

The jurisdiction of the federal courts is limited to the adjudication of live cases and controversies. *See* U.S. CONST. art. III, § 2; *see also Ramos v. New York City Dep't of Educ.*, 447 F. Supp. 3d 153, 157 (S.D.N.Y. 2020). An "actual controversy" must not only be present at the outset of a case, but through all stages of the litigation. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 726 (2013). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

that the alleged violation will recur." *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998); *see also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

A private individual suing under Title III "may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages." *Powell v. Nat'l Board of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004). As both parties agree, Nachshen's death mooted his claim for injunctive relief under the ADA, and this Court has "no constitutional power to consider a moot case." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 692 (2d Cir. 2013). Accordingly, the motion to dismiss is granted as to Nachshen's ADA claim.[2]

## II.    Plaintiff's Motion to Substitute

To satisfy Rule 25(a)(1), "(1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party." *Biatiu v. Specialized Loan Servicing LLC*, No. 19-CV-822 (RA), 2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019); *see also* Fed. R. Civ. P. 25(a). As noted above, the parties agree that Plaintiff's Title III ADA claim did not survive his death. Accordingly, Louise Nachshen cannot be substituted as the plaintiff on his sole federal claim. *See Nachshen v. BPP ST Owner LLC*, No. 18-CV-10994, 2021 WL 5042855, at *2 (S.D.N.Y. Oct. 29, 2021); *see also Grinblat v. Michell Wolf LLC*, 338 F.R.D. 15, 16 (E.D.N.Y. 2021) ("It is self-evident that an estate representative cannot substitute in to prosecute an extinguished claim.").

Plaintiff's counsel argues that substitution is nonetheless justified based on Louise Nachshen's "legally cognizable interest in the recovery of money damages owed to the decedent's

---

[2] Although the Second Circuit has made clear that "[w]hen a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss [the] case with prejudice,'" *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017), in light of Nachshen's untimely death, the practical effect of denying his ADA claim with or without prejudice is the same.

estate," Mem. Supp. Sub. at 2, but admits that any such interest relates only to her husband's state law claims, not to his ADA claim, which has been mooted, *see* Pl.'s Opp. at 2 ("All the cases cited by the defendants stand for the unremarkable and uncontested position **that plaintiff's death mooted the ADA claim and that no claim for damages or attorney's fees under the ADA survives the death**. But what the defendants fail to address is the well-settled law that a plaintiff's claims for damages and attorney's fees under the NYCHRL and NYSHRL are not extinguished by the death of Steven Nachshen.") (emphasis added). The Supreme Court, however, has instructed that in the "the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see also Lopez v. N.Y.C. Dep't of Educ.*, No. 17-CV-9205 (RA), 2019 WL 2647994, at *3 (S.D.N.Y. June 26, 2019) ("Generally speaking, courts decline to exercise supplemental jurisdiction over state-law claims once all federal claims in a case are dismissed."). Moreover, where, as here, the federal claim has been dismissed due to lack of subject matter jurisdiction, the Second Circuit has stated that it would be "clearly inappropriate" for a court to retain jurisdiction over the state law claims. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice. Louise Nachshen may refile those claims in state court.[3]

---

[3] "The dismissal will not have any impact on the statute of limitations for these claims, because, pursuant to 28 U.S.C. § 1367(d), the limitations period is tolled while the claims are pending and for 30 days after they are dismissed." *Cave*, 514 F.3d at 250.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to substitute is denied, the motion to dismiss is granted, and Plaintiff's claims are dismissed. The Clerk of Court is respectfully directed to terminate the pending motions at Dkt. 64 and Dkt. 69, and close the case.

SO ORDERED.

Dated:   March 9, 2022
         New York, New York

Ronnie Abrams
United States District Judge